# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RUSSELL B. MULLINS,                :
                                   :
      Petitioner,            :
                                   :
v.                                 :   Civil Action No. 04-1926 (JR)
                                   :
MICHAEL LOHR, *et al.*,            :
                                   :
      Respondents.           :

## **MEMORANDUM OPINION**

This matter is before the Court on petitioner's petition for a writ of mandamus and respondents' motion to dismiss or, in the alternative, for summary judgment. Mandamus will be denied.

## BACKGROUND

On April 6, 2001, petitioner was convicted by a General Court-Martial of rape, sodomy, indecent acts, and possession of child pornography.[1] Pet. ¶ 3; Mem. of P.&A. in Support of its Mot. to Dismiss or, in the Alternative, for Summ. J. ("Resp't Mem."), Ex. A (Report of Results of Trial). His appeal to the Navy-Marine Corps Court of Criminal Appeals ("NMCCA") was docketed on May 21, 2002, and remains pending. Pet. ¶ 4; Resp't Mem., Ex. B (NMCCA Case Tracking Report, Case No. 200200988).

Petitioner contends that he is denied effective assistance of appellate counsel, in spite of the assignment of five attorneys to represent him before the NMCCA. *See* Pet. ¶¶ 5, 8; Resp't Mem., Ex. I (Notice Concerning Status of Case dated September 24, 2004), P (Gov't Response to

---

[1] Petitioner was sentenced to 10 years' confinement, forfeiture of pay and allowances, a reduction-in-rate to the lowest enlisted pay grade (E-1), and a dishonorable discharge. Resp't Mem., Ex. A at 3. His appeal to the NMCCA was automatic. *See* 10 U.S.C. § 866.

Court Order of 14 March 2005); Resp't Reply, Ex. 2 (Notice of Appearance dated September 1, 2005). In this action, he seeks a writ of mandamus ordering respondents to "provide the Petitioner conflict free counsel," and directing "the military judges under [respondent Lohr's] command at the [NMCCA] to answer the Petitioner's challenge to the court's subject matter jurisdiction."[2]  Pet. at 13.

DISCUSSION

Mandamus is a drastic remedy to be invoked only in extraordinary situations. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (1988). It is granted only when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974). Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir.1983) (en banc); *Northern States Power Co. v. United States Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

---

[2]  Petitioner also demands review under the Administrative Procedure Act, *see* 5 U.S.C. § 701, *et seq.*, of "the administration decision by CAPT Pam Holden on NOT to provide the Petitioner with assigned appellate defense counsel." Pet. at 12-13 (emphasis in original). The Court will dismiss this claim. A decision regarding the assignment of appellate counsel in the course of an ongoing criminal matter is not the type of agency action contemplated by the Act. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (where review is under the APA's general review provision, the "agency action" in question must be a "final agency action"); 5 U.S.C. § 551(13) (defining term "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act").

The parties do not dispute petitioner's right to appellate counsel.  "An accused is entitled to effective, conflict-free representation throughout the post-trial review process." *United States v. Coulter*, 62 M.J. 520, 530 (N-M. Ct. Crim. App. 2005); *United States v. Kelly*, 32 M.J. 813, 824 (N-M. Ct. Crim. App. 1991); *see* 10 U.S.C. § 870.  That right is not boundless, however.  "The accused has no right to select appellate defense counsel," but he may request that detailed appellate counsel be replaced with another, for example, when there is a conflict of interest. *Martindale v. Campbell*, 25 M.J. 755, 757 (N-M. Ct. Crim. App. 1987) (denying mandamus to order Navy's Judge Advocate General to appoint counsel from outside Appellate Defense Division).  Respondents do not appear to have violated petitioner's right to appellate counsel. The record shows that each time the NMCCA granted the detailed appellate counsel leave to withdraw, respondents assigned another to represent petitioner.[3]

Petitioner fails to meet his burden on mandamus because he cannot demonstrate that, without extraordinary mandamus relief, he is without an adequate remedy.  "The special status of the military has required, the Constitution contemplated, Congress has created and [the Supreme] Court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel." *Chappell v. Wallace*, 462 U.S. 296, 303-04 (1983).  Petitioner has at his disposal "an integrated system of military courts and review procedures," and "it must be assumed that the military court system will vindicate servicemen's constitutional rights." *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975); *see Burns v. Wilson*, 346 U.S. 137, 142

---

[3] At this time, petitioner's appellate defense counsel is Captain Jeffrey Stephens, U.S. Marine Corps.  Resp't Mem., Ex. P.  Lieutenant Commander Jason Grover, JAGC, USN, is assigned as assistant appellate defense counsel while Captain Stephens is assigned temporary additional duties in Iraq.  Resp't Reply, Ex. 2.

(1952) (military courts "have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights"). Petitioner's appeal now is pending before the NMCCA. Upon its conclusion, petitioner may take an appeal to the Court of Appeals for the Armed Forces, and from there he may petition the Supreme Court of the United States for a writ of certiorari. *See United States. v. Robertson*, 39 M.J. 211, 218 (C.M.A. 1994); 10 U.S.C. §§ 867, 867a. In addition, a federal district court may entertain a habeas petition, if petitioner chooses to file one, after all available military remedies have been exhausted. *See Gusik v. Schilder*, 340 U.S. 128 (1950); *New v. Cohen*, 129 F.3d 639 (D.C. Cir. 1997), *cert. denied*, 523 U.S. 1048 (1998) (affirming habeas dismissal for petitioner's failure to seek relief in military justice system before seeking judicial intervention).

    Furthermore, principles of comity demand that a federal district court refrain from interfering in military court proceedings where "a serviceman charged with crimes by military authorities can show no harm other than that attendant to resolution of his case in the military court system." *Schlesinger v. Councilman*, 420 U.S. at 758. Accordingly, as a service member subject to military discipline, petitioner must complete the appeals procedure in the military justice system before seeking relief in a federal district court. *See, e.g., Paalan v. Lansing*, 194 F.3d 1321 (10th Cir. 1999) (table) (affirming dismissal of habeas petition where appeal of general court-martial conviction was pending before the NMCCA).

For these reasons, the Court will deny the mandamus petition. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

JAMES ROBERTSON
United States District Judge